# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARVIN YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV2566 HEA |
| ) | |
| CIRCUIT COURT OF WARREN ) | |
| COUNTY, DIV. 1, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the complaint filed by plaintiff Marvin Young, proceeding pro se and in forma pauperis. For the reasons discussed below, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the St. Charles County Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 against the Circuit Court of Warren County, Missouri, which is the 12th Judicial Circuit Court of the State of Missouri. He also names Judge Wesley Clay Dalton and prosecuting attorney Kelly King as defendants. He states he sues the defendants in their official and individual capacities.

Plaintiff alleges wrongdoing stemming from criminal proceedings in which he was prosecuted for tampering with a motor vehicle. He alleges that, on September 21, 2016, his attorney filed a motion for speedy trial pursuant to Missouri state law, but that he had yet to go to trial. He alleges that Judge Dalton did not grant his September 21, 2016 speedy trial motion, and he alleges that King subjected him to malicious prosecution by requesting continuances that caused delay. He states that his due process rights were violated "due to prejudicial malicious acts of negligence made by Wesley Clay Dalton and Kelly L. King." (Docket No. 1 at 7). He

seeks monetary damages of "$2,500 per day for every day past the deadline of my motion for a speedy trial that expired March 20, 2017." *Id.* He also asks this Court to "honor [his] previous motion to dismiss on grounds that my due process was violated after March 20, 2017," and he asks the Court to "have sanctions put on the defendants' rights to practice law." *Id.*

Plaintiff does not identify the state criminal proceedings to which he refers. However, independent review of Missouri Case.Net, the state of Missouri's online docketing system, shows that in *State v. Marvin Young*, Case No. 15BB-CR00578-01 (12th Jud. Cir. Nov. 14, 2017), plaintiff was prosecuted in the Circuit Court of Warren County, Missouri on charges of tampering with a motor vehicle. The presiding Judge was Wesley Clay Dalton, and the State was represented by Kelly King. The case proceeded to trial by jury on November 13, 2017. On November 14, 2017, a jury returned a verdict of guilty of tampering in the first degree. This Court takes judicial notice of this Missouri State Court record, as obtained through the public records published on Missouri Case.Net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

**Discussion**

The complaint is legally frivolous, and will be dismissed. Plaintiff names the Circuit Court of Warren County, Missouri as a defendant. The Circuit Court of Warren County, the 12th Judicial Circuit Court of the State of Missouri, is immune under the Eleventh Amendment. *See McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875 (8th Cir. 2007).

Plaintiff also names Judge Wesley Clay Dalton as a defendant, and claims that he committed wrongdoing when performing his duties in plaintiff's judicial proceedings. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial

3

misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, all of Judge Dalton's allegedly unlawful actions were judicial in nature. Further, Judge Dalton, acting as a judge in the 12th Judicial Circuit Court, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V. Judicial immunity applies "even when the judge is accused of acting maliciously." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge Dalton acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him. Plaintiff's claims against Judge Dalton are legally frivolous, and will be dismissed.

Plaintiff also names prosecuting attorney Kelly King as a defendant, and claims that she committed wrongdoing while prosecuting him. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). Plaintiff's claims against King are legally frivolous, and will be dismissed.

Finally, to the extent plaintiff can be understood to pursue federal habeas relief for violation of his Sixth Amendment right to a speedy trial, or for any other pretrial issues, his

claims are now moot. *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (claims for federal habeas relief from pretrial issues are mooted by a petitioner's subsequent conviction).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of February, 2018

                                       HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE